## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

EMILY BURGER

    Plaintiff,

vs.

ALIGHT SOLUTIONS LLC,

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Emily Burger, by and through her undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits her Complaint against the above-named Defendant.

## PARTIES

1. Plaintiff, Emily Burger, is a natural person and citizen of the State of Colorado, with a current address of 7500 East Quincy Avenue, #F101, Denver, Colorado 80237.

2. Defendant Alight Solutions LLC ("Defendant Alight") is a corporation and/or similar business entity which regularly conducts business in the State of Colorado. Defendant is a foreign corporation and is incorporated in Illinois. Upon information and belief, this Defendant is the Administrator, claim administrator, and/or insurer of the employee benefit plan at issue (specifically the Plan providing disability benefits) to employees of Labcorp/Esoterix. The Defendant's registered agent for service of process is the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant administered and/or insured the employee benefit plans established on behalf of the employees of Labcorp/Esoterix ("Labcorp"). The Plan, which provides short-term disability ("STD") is, upon information and belief, subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.*, ("ERISA"). Upon further information and belief, the plan has delegated to Alight its obligation to make all benefit decisions at issue in this claim.

4. At all pertinent times Plaintiff was an employee of Labcorp and a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

5. Thus, and at all pertinent times, Plaintiff was covered by the provisions of the Plan, including but not limited to coverage for STD subject to the terms and conditions of the insurance policy issued by Alight to cover the Plan, and/or the other Plan documents.

## JURISDICTION AND VENUE

6. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including her rights under ERISA §503 and the subject ERISA plan.

7. Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein the Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

8. At all pertinent times, Plaintiff was employed by Labcorp as an associate chemist. She satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA.

9. In or around December 2023, Plaintiff began to experience multiple health issues, including but not limited to severe stomach/intestinal pain, nausea, abdominal bleeding, etc., and other symptoms.

10. Plaintiff was diagnosed with complications of an ulcer.

11. These medical conditions prohibited Plaintiff at all relevant times from continuing to perform the requirements of her job on a regular and consistent basis, as well as from any other job for which she is reasonably qualified, due to her symptoms.

12. As the aforementioned conditions prevented her from working on a full-time and regular basis, and from performing some of the other material requirements of her own and/or other comparable occupation, Plaintiff applied to the Plan, through Alight, for STD benefits.

13. Defendant subsequently denied Plaintiff's claim for STD, alleging she was not disabled under the policy.

14. Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of her claim. Plaintiff provided additional medical documentation and other information in support of her claim, including reports from her treating healthcare providers. Plaintiff filed her appeal on or before the Plan's deadline.

15. Defendant issued a final denial of Plaintiff's appeal for STD benefits by letter on June 12, 2024.

16.     Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition and the medical care she required (and recovery therefrom) prevents her from engaging in her own or any other occupation on a regular and consistent basis.

17.     Defendant has unreasonably refused to pay STD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff as outlined herein.

18.     Defendant has unreasonably rejected Plaintiff's medical evidence, including the statements of her treating healthcare providers that her conditions are not work related.

19.     Defendant has unreasonably failed to engage with the opinions of the treating doctors.

20.     Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

**FIRST CLAIM FOR RELIEF:**
**VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS**
**PLAINTIFF V. DEFENDANT**

21.     At all pertinent times, Plaintiff was covered by the Plan, which included coverage for STD benefits, as set forth above.

22.     At all pertinent times, Defendant was an administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

23.     Defendant otherwise delegated the authority to administer claims for premium waiver benefits by the Plan.

24. At all pertinent times, Plaintiff met the criteria for STD under the Plan because she was unable to perform the functions of her own occupation on a regular, consistent and full-time basis and provided reasonable documentation (medical or otherwise) of that fact.

25. Upon information and belief, Defendant Alight also insures the Plan.

26. If so, Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

27. Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

28. Defendant's wrongful conduct includes, but is not limited to:

   A. Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians, and other similar evidence, and/or failing to meaningfully engage with that evidence;

   B. Failing to provide an adequate review and appeal, including refusing to give Plaintiff a reasonable opportunity to submit relevant information;

   C. Failing to act in Plaintiff's best interests;

   D. Failing to consider credible evidence of functional impairment;

   E. Failing to reasonably interpret and apply the terms of the Plan;

   F. Failing to consider its own finding in a related claim that Plaintiff is disabled for the purposes of STD; and/or

   G. Failing to conduct a reasonable investigation.

29. Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost benefits, attorney's fees and costs.

## DAMAGES

30. The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of STD benefits. Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

    A.    A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

    B.    An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or return Plaintiff to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct, including payment of STD insurance premiums and/or other benefits otherwise covered by the policy;

    C.    Retroactive reinstatement of Plaintiff's benefits and payment of all back due STD benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claims for future LTD.

    D.    Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

  E. Interest on any awards at the highest rate allowed by law as provided in

ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

  F. Such other and further relief as this Court deems just and appropriate.

Dated this 28th day of October, 2024.

                Respectfully submitted,

                SILVERN & BULGER, P.C.

                *s/Thomas A. Bulger, Esq.*
                Thomas A. Bulger, Esq.
                Counsel for Plaintiff
                363 South Harlan Street, Suite 205
                Lakewood, Colorado 80226
                (303) 292-0044
                Facsimile (303) 292-1466
                counsel@silvernbulger.com

**Plaintiff's address**

7500 East Quincy Avenue, #F101
Denver, Colorado 80237